UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERNANDO MIGUEL DEOLIVEIRA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JEFF MACOMBER, *et al.*,<br><br>　　　　　Defendants. | Case No. 1:23-cv-1022 JLT EPG (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DISMISSING THE ACTION FOR FAILURE TO STATE A CLAIM, AND DIRECTING THE CLERK OF COURT TO CLOSE THIS CASE<br><br>(Doc. 15) |

　　　　Fernando Miguel DeOliveira is a former state prisoner[1] and a transgender male. Plaintiff seeks to hold the defendants—including Jeff Macomber, the Secretary of the CDCR; Wardens De La Cruz and Williams at Central California Women's Facility and CIW; Dr. A. Ola, the Chief Medical Executive Officer at CCWF; and Dr. J. Elliot, Chief Medical Executive Officer at California Institution for Women—liable for violations of his civil rights, asserting he did not receive adequate healthcare while housed at CCWF and CIW as a transgender man. (Doc. 9.) He contends the medical treatment at the facilities "failed to provide … the adequate treatment of continuation of [his] transition that is consistent to the standards of specialized care" that he received while not in custody. (*Id.* at 4.)

　　　　The magistrate judge screened Plaintiff's amended complaint pursuant to 28 U.S.C. § 1915A(a) and found he failed to state a cognizable claim. (Doc. 15 at 5-9.) The Court found

---

[1] Plaintiff was released from custody after the filing of his FAC and is now on parole. (Doc. 16 at 3.)

Plaintiff "does not identify any specific medical treatment that he requires and is not being provided." (Doc. 15 at 9.)  For example, the magistrate judge observed that Plaintiff "does not … allege that he requires hormone therapy, gender confirmation surgery, or any specific medication that the prison fails to provide." (*Id.*)  Rather, the magistrate judge found the "complaint focuses on a general insufficiency of protocols and policies." (*Id.*)  The magistrate judge determined Plaintiff failed to allege facts supporting a conclusion that "any defendant was deliberately indifferent to Plaintiff's own medical need." (*Id.*)  Because the Court previously provided Plaintiff with the relevant legal standards and Plaintiff failed to cure the deficiencies identified by the Court, the magistrate judge found "further leave to amend would be futile." (*Id.* at 9-10.)  Therefore, the magistrate judge recommended the "action be dismissed with prejudice for failure to state any cognizable claims" and the case be closed.  (*Id.* at 10.)

Plaintiff objected to the Findings and Recommendations.  (Doc. 16.)  Plaintiff again reiterates a belief that CCWF and CIW did not provide him proper care, because the facilities "never implemented… significant changes in the delivery of Trans Affirming Medical Care" contemplated by California's Senate Bill 132. (*Id.* at 1-2.)  However, Plaintiff does not respond to the determination that there are no facts supporting a conclusion that the named defendants exhibited deliberate indifference to his medical care.

Plaintiff also provides 70 pages of exhibits with his objections.[2]  (Doc. 16 at 5-76.)  The exhibits include a publication that appears to be from the American Civil Liberties Union addressing "necessary medical care for many transgender individuals," and standards from an unidentified publication from the World Professional Association for Transgender Health.  (*Id.* at 5-21.)  Plaintiff provides copies of many grievances and healthcare request forms he submitted in 2023, such as for hair implants because Rogaine was not working, a hysterectomy, bottom surgery, "complete hair laser removal on the entire body." (*See e.g., id.* at 30-34). Plaintiff also attached "Institutional Level Responses" from the Health Care Services related to his disagreements with treatment, which were signed by B. Wilkins, the Chief of Mental Health at CCWF, and Velda Dobson-Davis, Retired Chief Deputy Warden Project Manager at CCWF. (*Id.*

---

[2] The Court notes that many pages of the exhibits are illegible or completely blacked out.

at 40-42, 48, 58.)  Nothing in the provided exhibits links the named defendants to Plaintiff's treatment, or shows the defendants knew of the mental and medical treatment he received at the facilities.  Consequently, neither the objections nor attached exhibits support a conclusion that the defendants were deliberately indifferent to Plaintiff's medical needs.  Without such a link, Plaintiff fails to state a cognizable claim.  *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979) (when a defendant holds a supervisory position, a plaintiff must specifically allege a causal link between the defendant and the alleged violation); *Lowman v. Adams*, 2008 WL 227941, at *4 (E.D. Cal. Jan. 25, 2008) (finding a plaintiff failed to state a claim for deliberate indifference to his medical needs against a warden, associate warden, chief medical officer, and chief physician because he "failed to link any affirmative act or omission by … the named defendants").

Pursuant to 28 U.S.C. § 636(b)(1), this Court performed a *de novo* review of this case.  Having carefully reviewed the entire matter, including Plaintiff's objections and exhibits, this Court concludes the Findings and Recommendations are supported by the record and proper analysis.  Thus, the Court **ORDERS**:

1. The Findings and Recommendations issued on August 20, 2024 (Doc. 15) are **ADOPTED** in full.
2. The action is **DISMISSED** with prejudice for failure to state a claim.
3. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated:   **September 19, 2024**

UNITED STATES DISTRICT JUDGE

3